IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER ERIC CARPENTER, ) | |
| ) | Civil Action No. 2:19-cv-0429 |
| Plaintiff, ) | |
| ) | |
| v. ) | Chief United States Magistrate Judge |
| ) | Cynthia Reed Eddy |
| OFFICER SPADE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

For the reasons stated herein, this case will be dismissed[1] without prejudice for failure to prosecute.

**I. Procedural History**

This action was instituted with the filing of a motion to proceed *in forma pauperis* on August 16, 2019 (ECF No. 1), which was granted by order dated April 22, 2019. (ECF No. 2). The Complaint was filed on April 22, 2019. (ECF No. 3). Plaintiff was informed by the Court in its Memorandum Order of April 22, 2019, that he must notify the Court of all address changes. (ECF No. 2). He was again so advised[2] by order dated April 25, 2019. (ECF No. 8 at 5). Plaintiff subsequently filed several notices of change of address. (ECF Nos. 19, 20). On

---

1 Under the Federal Magistrate Judges Act ("the Act), a Magistrate Judge's jurisdiction may be conferred by consent of the parties. 28 U.S.C. § 636(c) ("[u]pon consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1)). Consent of all parties to a case gives the magistrate judge full "authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585 (2003). All parties herein has consented to jurisdiction of the Magistrate Judge. (ECF Nos. 5, 29, 32).
2 Specifically, the Court explained "Plaintiff is under a continuing obligation to notify the Court of any change of address by filing a separate document entitled "Notice of Change of Address." Failure to do so may result in the dismissal of the case if the Court or defendant(s) are not able to serve documents upon Plaintiff because he has not kept his address of record current."

1

September 12, 2019, Defendants Officer Spade and Andy Radevski filed a motion to dismiss with brief in support. (ECF Nos. 25, 26). The court converted the motion to a motion for summary judgment under Fed. R. Civ. P. 56 and ordered a response brief to be filed by Plaintiff on or before October 16, 2019. (ECF No. 27). This order, as well as a text order setting a deadline for the filing of an election for either consenting to jurisdiction by the Magistrate Judge or to have District Judge assigned to the case (ECF No. 28) were sent to Plaintiff at his address of record, SCI Mercer, 801 Butler Pike, Mercer, PA, 16137, but were returned to the court on October 3, 2019 marked "Return to Sender. Refused. Inmate Paroled." (ECF No. 30).

On October 4, 2019, we entered an order that Plaintiff show cause, on or before October 21, 2019, why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) in that he has failed to keep the Court informed of his address. He was further notified that should he fail to do so, the Court will deem him to have abandoned this lawsuit, and the case will be dismissed. This order was sent to his address of record, SCI Mercer, 801 Butler Pike, Mercer, PA, 16137.

The time for responding to the Order to Show Cause has now passed. Therefore, consistent with the October 4, 2019 Order, and pursuant to *Poulis v. State Farm Fire & Cas. Co.*, 747, F.2d 863 (3d Cir. 1984), the case now is subject to dismissal.

**II. Discussion**

A district court has inherent power to dismiss a complaint, sua sponte, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss sua sponte under Rule 41(b)."); *Guyer v.*

*Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City School Dist.,* 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. *Harris v. City of Philadelphia,* 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In *Poulis*, the Court of Appeals for the Third Circuit set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. Certain Defendants have filed a motion to dismiss, converted to a motion for summary judgement, to which Plaintiff has not responded. Plaintiff has not filed a Notice of Change of Address. The responsibility for this failure to comply is Plaintiff's alone.

3

2. <u>Prejudice to the adversary</u>.

Plaintiff has prejudiced Defendant since his failure to respond to the Court's orders has postponed a ruling on the pending motion for summary judgment. Defendants' abilities to defend themselves has been delayed.

3. <u>A history of dilatoriness</u>.

Plaintiff has made no effort to move this case forward by filing the requisite Notice of Change of address, of which he has shown awareness through prior filings. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case.

4. <u>Whether the party's conduct was willful or in bad faith.</u>

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

5. <u>Alternative sanctions</u>.

Plaintiff is proceeding pro se, and thus, it is likely that any sanction imposing costs or fees upon him would be ineffective.

6. <u>Meritorious of the claim or defense.</u>

Sixth, at this juncture the Court cannot address whether the claims are the meritorious, and this factor remains neutral.

In summary, the majority of the *Poulis* factors weigh heavily in favor of dismissal.

### III. CONCLUSION

Based on the discussion above, this action is dismissed without prejudice for failure to prosecute.

AND NOW, to-wit, this 25th day of October, 2019, it is hereby ORDERED that this action is

DISMISSED WITHOUT PREJUDICE. The Motions to Dismiss (ECF Nos. 14, 25) are DISMISSED AS MOOT.

                                                                    s/*Cynthia Reed Eddy*
                                                                    Cynthia Reed Eddy
                                                                    U.S. Magistrate Judge

CC:    CHRISTOPHER ERIC CARPENTER
        NA-5763
        SCI MERCER
        801 BUTLER PIKE
        MERCER, PA 16137

        All counsel of record via CM/ECF electronic notification